**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| J.J., | : | **Civil Action No. 25-14834** |
| | : | |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| Defendant. | : | |
| | : | |
| | : | |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff J.J. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 78.1(b), finds that the Commissioner's decision will be vacated and remanded.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning December 2, 2023. A hearing was held before ALJ Kevin Kenneally (the "ALJ") on October 18, 2024 and the ALJ issued an unfavorable decision on October 28, 2024. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In decision of October 28, 2024, the ALJ found, at step two, Plaintiff had the following

1

severe impairments: anemia, GERD, generalized anxiety disorder, major depressive disorder, and borderline personality disorder. At step three, the ALJ found that Plaintiff's condition did not meet the requirements of any of the Listings of Impairments. At step four, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work with specific exertional and non-exertional limitations, and that Plaintiff had no past relevant work. Finally, at step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed, and the case remanded, based on two arguments. First, Plaintiff contends that the ALJ erred because he did not reconcile his finding at step three that Plaintiff had "marked" limitations in his ability to "interact with others" with the mental limitation adopted in the RFC that Plaintiff could "occasionally interact with the general public, co-workers, and supervisors." (Pl.'s Br at 7-13). Second, Plaintiff argues that the ALJ erred by "fail[ing] to describe how the RFC that was ultimately adopted" accounted for all the evidence presented. (Pl.'s Br. at 17) (emphasis omitted). The Court agrees with Plaintiff's second argument and will vacate and remand the Commissioner's decision.

In reviewing the ALJ's determination, this Court must affirm the Commissioner's final decision if it is "supported by substantial evidence." 42 U.S.C. § 405(g). "Courts are not permitted to re-weigh the evidence or impose their own factual determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 359 (3d Cir. 2011). Further, on appeal, Plaintiff carries twin burdens of proof. First, Plaintiff bears the burden at the first four steps of the analysis of demonstrating how her impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). Second, Plaintiff bears

the burden of showing not merely that the Commissioner erred, but also that the error was harmful. Shinseki v. Sanders, 556 U.S. 396, 409 (2009). At the first four steps, this requires that Plaintiff show that, but for the error, she might have proven her disability. In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in her favor, based on the existing record, she is quite unlikely to show that an error was harmful.

For a district court to be able to find that an ALJ's opinion is supported by substantial evidence, the ALJ must explain his reasoning such that his determination is amenable to meaningful review. See Burnett v. Comm'r of Soc. Sec., 220 F.3d 112, 119 (3d Cir. 2000). While the ALJ is not required to "use particular language or adhere to a particular format in conducting his analysis," he must ensure that "there is sufficient development of the record and explanation of findings to permit meaningful review." Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004).

Simply put, the ALJ in this case failed to meet the requirements of Burnett and Jones with respect to the physical limitations included in the RFC. For example, the ALJ found that Plaintiff had the "the residual functional capacity to perform light work . . . except: the claimant [could] occasionally push, pull, and operate controls with the bilateral upper and lower extremities" and "occasionally climb ramps and stairs . . . . (Tr. at 23). But nowhere in his opinion does the ALJ explain how he concluded that Plaintiff was able to do "light work" within the meaning of the relevant regulations. See 20 C.F.R. § 416.967(b) (defining the physical limitations of "light work"). The ALJ likewise fails to convey what evidence compelled his conclusions that Plaintiff could occasionally push, pull, and operate controls or occasionally climb ramps and stairs. Nor does the ALJ cite to any medical opinions which support this RFC assessment. The closest the opinion comes to such an explanation is a single sentence discussing the medical opinion of Dr. Shahinian regarding Plaintiff's physical impairments: "The undersigned finds Dr. Shahinian's

3

opinion non-persuasive because it is not supported by the claimant's history of low iron, B12 injection treatment or her history of diarrhea and bloody stools." (Tr. at 23). This single line, which simply discounts a medical opinion, cannot support the weight of an entire set of physical limitations.

Here, where the ALJ has failed to provide any explanation in support of the physical limitations in his RFC assessment, this Court is left, like the Burnett court, unable to "assess whether the ALJ's determination that [Plaintiff] has the residual functional capacity to perform light work" with the listed exertional limitations "was supported by substantial evidence." 220 F.3d at 123. In sum, the ALJ did not sufficiently develop the record or explain his findings "to permit meaningful review." Jones, 364 F.3d at 505. And, where a court cannot meaningfully review an ALJ's decision, "remand is warranted." Hendry v. Comm'r of Soc. Sec., 2018 WL 4616111, at *15 (D.N.J. Sept. 26, 2018).

For the reasons set forth above, this Court finds that the Commissioner's decision is not supported by substantial evidence and the decision of the Commissioner is vacated and remanded for further proceedings in accordance with this Opinion.

s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

Dated: July 23, 2026

4